UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHRISTINE PAULSEN,

                                        Plaintiff,

                    - against -

JETRO CASH & CARRY
ENTERPRISES, LLC,

                                        Defendant.
----------------------------------------------------------X

ORDER

CV 07-2835 (SLT) (JO)

JAMES ORENSTEIN, Magistrate Judge:

        Plaintiff Christine Paulsen ("Paulsen") filed this personal injury action against defendant

Jetro Cash & Carry Enterprises, LLC ("Jetro")[1] in the Supreme Court of the State of New York,

County of Kings, on June 13, 2007.  *See* Docket Entry ("DE") 1 (including, among other

documents, Jetro's Notice of Removal ("Notice") and Paulsen's Verified Complaint

("Complaint")).  On July 13, 2007, Jetro filed a notice of removal pursuant to 28 U.S.C. § 1446

seeking to remove the case to this court.  For the reasons set forth below, I find that Jetro has not

satisfied its burden of establishing that this court has original jurisdiction, and in particular that it

has failed sufficiently to demonstrate that the amount in controversy exceeds $75,000.  I

therefore order the action summarily remanded to the state court in which it was filed pursuant to

28 U.S.C. § 1446(c)(4).  *See generally DeMarco v. MGM Transport, Inc.*, 2006 WL 463504

(E.D.N.Y. Feb. 24, 2006).

        A.        Removal Procedures Generally

        A defendant may remove from state court to federal court any civil action of which the

federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Upon such removal, the federal

---

[1]  The docket incorrectly renders the defendant's name as "Jetro Cash & Carr [sic] Enterprises,
LLC."  I respectfully direct the Clerk to correct the typographical error.

court in which the notice is filed must examine it "promptly."  28 U.S.C. § 1446(c)(4).  "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand."  *Id.*

Where, as here, a defendant relies on 28 U.S.C. § 1332 as the source of the receiving court's purported original jurisdiction, it must establish that the requirements of the statute have been met.  Specifically, the defendant must demonstrate that the parties are citizens of diverse states and that the amount in controversy exceeds $75,000.  *See* 28 U.S.C. § 1332(a); *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) ("It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction.") (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)).  With respect to the amount-in-controversy element of diversity jurisdiction, the removing party must carry that burden by "proving that it appears to a 'reasonable probability' that the claim is in excess of [$75,000]."  *United Food & Commercial Workers Union v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 303-04 (2d Cir. 1994).  A federal court considering the propriety of the removal should generally evaluate the existence of the amount in controversy, like any jurisdictional fact, "on the basis of the pleadings, viewed at the time when the defendant files the notice of removal."  *Blockbuster, Inc.*, 472 F.3d at 57 (citing *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003) (per curiam)); *see also Davenport v. Procter & Gamble*, 241 F.2d 511, 514 (2d Cir. 1957) (if a complaint does not establish amount in controversy, "the court may look to the petition for removal").

B.    The Effects Of New York's Procedural Law On Removal To Federal Court

Paulsen's complaint does not specify the amount of damages sought, and for good reason. New York law forbids the inclusion of an *ad damnum* clause in a personal injury case like this one. *See* N.Y. C.P.L.R. § 3017(c). As a result, other than a perfunctory statement of the source of injury – specifically, that on November 15, 2004, while shopping in a store owned by the defendant, Paulsen was struck by falling crates of food and beverages, Complaint ¶ 9 – the Complaint employs boilerplate language to assert the extent of her injuries and that the damages exceed the relevant jurisdictional limits of lower state courts. *Id.* ¶¶ 10-12, 16.

In describing Paulsen's injuries, the Complaint's most specific allegation is that she "sustain[ed] serious, protracted and permanent injuries; was confined to bed and home; did and still seeks medical attention and aid; and sustained other injuries and damages." *Id.* ¶ 15. Although I can infer from this allegation that Paulsen may seek a substantial recovery if Jetro's liability is established, I cannot conclude from the boilerplate that the amount in controversy necessarily exceeds $75,000. The complaint alone therefore provides insufficient information to "intelligently ascertain removability." *See DeMarco*, 2006 WL 463504, at *1 (citing *Setlock v. Renwick*, 2004 WL 1574663 (W.D.N.Y. May 21, 2004) (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-06 (2d Cir. 2001)). The Notice provides no additional detail about the specific damages sought; it merely makes the conclusory assertion that "the amount in controversy ... exceeds the sum of $75,000.00." Notice ¶ 7. Thus, neither the Notice nor the Complaint provides any indication that the amount actually in controversy – that is, the amount that Paulsen seeks as a result of her injuries – exceeds $75,000. Accordingly, I conclude that the pleadings now before the court do not satisfy the defendant's burden to establish the existence of

federal jurisdiction.  *See DeMarco*, 2006 WL 463504, at *2 (citing *United Food & Commercial Workers Union*, 30 F.3d at 304-05).

Jetro is not without recourse.  The same state law provision that prohibited Paulsen from including an allegation in her complaint that might support a sufficient notice of removal also provides a procedural mechanism by which Jetro can ascertain the existence of facts necessary to invoke federal diversity jurisdiction:

> A party against whom an action to recover damages is brought, may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled.  A supplemental demand shall be provided by the party bringing the action within fifteen days of the request.

N.Y. C.P.L.R. § 3017(c); *see DeMarco*, 2006 WL 463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2).  The defendant was free to take advantage of that provision before seeking to remove the case, and it will of course be free to do so if and when this remand order takes effect and the case is once again governed by New York State's discovery rules.[2]

Nor is Jetro prejudiced by the necessity of making such a "supplemental demand" with respect to the timing of a removal notice.  Defendants must normally file a notice of removal within 30 days of receiving the "initial pleading."  28 U.S.C. § 1446(b).  The same subsection provides, however, that "[i]f the case as stated by the initial pleadings is not removable," which is true here and presumably in all personal injury actions filed consistent with the current version of

---

[2]  While the case remains pending in federal court, New York's discovery mechanisms are plainly unenforceable, and the parties are instead subject to the provisions of the Federal Rules of Civil Procedure.  Those rules generally forbid any party from insisting on the production of any discovery before the initial conference among counsel.  *See* Fed. R. Civ. P. 26(d), (f).  Nevertheless, the parties are free to exchange information by consent at any time; the voluntary production by the plaintiff of information available to a defendant in state court pursuant to N.Y. C.P.L.R. § 3017(c) would likely serve to avoid needless delay if there is indeed a basis for diversity jurisdiction in this case.

4

C.P.L.R. § 3017(c), the 30-day period for seeking removal only begins when the defendants

receive "an amended pleading, motion, order or other paper from which it may first be

ascertained that the case is one which is or has become removable." *Id*.; *see DeMarco*, 2006 WL

463504, at *2 (citing *Setlock*, 2004 WL 1574663, at *2).  Where the response to a supplemental

demand under C.P.L.R. § 3017(c) asserts damages in excess of $75,000, that response is a

"paper" that allows the defendants to seek removal within 30 days.  *See DeMarco*, 2006 WL

463504, at *2 (citing *Schultz v. Office Depot, Inc.*, 2004 WL 1598829 (W.D.N.Y. July 16, 2004);

*Gonzalez v. Rajkumar*, 2005 WL 1593008, at *3 (S.D.N.Y. July 6, 2005)).

        C.     <u>Remand And Review Procedures</u>

        The plain language of 28 U.S.C. § 1446(c)(4) requires summary remand under the facts

of this case.  That result is not only a statutory command; it also makes sense.  Requiring Jetro to

seek supplemental information under state law before attempting to remove the case places no

meaningful burden on it that it will not in any event bear.  At some point in this litigation,

whether it proceeds in this court or another, and whether it settles or proceeds to a judicial

disposition, Jetro will need to find out the extent of the damages that Paulsen claims to have

sustained.  I decide no more than that it must seek out that information before coming to this

court, not after.  If Jetro learns that Paulsen seeks damages in excess of $75,000, it may seek to

reopen the case in this court and Paulsen will have to bear the burdens associated with the

removal.  On the other hand, if it turns out that Paulsen does not claim more than $75,000 in

damages, then the case will properly remain in state court – and this court will not be burdened

with overseeing discovery of a dispute that is not properly before it.  *DeMarco*, 2006 WL

463504, at *2.

5

Finally, assuming that this case must be summarily remanded, there remains the question of whether I can enter such an order consistent with the limitations of a magistrate judge's authority under 28 U.S.C. § 636, or may instead do no more than recommend that the assigned district judge take such action. For reasons I have explained elsewhere, I conclude that I do have the requisite authority to enter an order of remand. *See Meier v. Premier Wine & Spirits, Inc.*, 371 F. Supp. 2d 239, 241-44 (E.D.N.Y. 2005).

Such an order normally "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). However, for the reasons explained below, I will stay the order of remand for a sufficient time to allow the defendants to lodge any objections it may have to this decision with the district judge assigned to this case. As explained in *Meier*, my authority as a magistrate judge to enter an order remanding the case to state court derives from 28 U.S.C. § 636(b)(1)(A). The same statutory provision that empowers me to enter such an order, however, also allows a district judge to "reconsider any pretrial matter under this subparagraph ... where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). Courts in other jurisdictions have held that the more specific law pertinent to pretrial orders by magistrate judges controls. As a result, notwithstanding the removal statute's general proscription of appellate or other "review," a district judge may "reconsider" a magistrate judge's remand order if the latter is clearly erroneous or contrary to law. *See*, *e.g.*, *Robinson v. Cheetah Transp.*, 2006 WL 1453036 (W.D. La. May 17, 2006) (citing cases).

Jetro will be denied the opportunity to seek such reconsideration if the remand I now order takes immediate effect. I therefore stay the order of remand *sua sponte* for a period of time

6

sufficient for Jetro to file any objections it may have.  Under the pertinent rules, a stay until

August 6, 2007, will accomplish that purpose.  *See* Fed. R. Civ. P. 72(a) (requiring objections to

a magistrate judge's order to be filed within 10 days); Fed. R. Civ. P. 6 (computation of time).

Should the defendant actually pursue such relief, it may of course apply to me or to the district

judge for a further stay pending resolution of its objections.[3]

     D.    <u>Conclusion</u>

     For the reasons set forth above, the Clerk is respectfully directed to remand this case to

the Supreme Court of the State of New York, Kings County.  In order to afford the defendant

sufficient time to file a motion for reconsideration of this order by the assigned district judge, I

stay this order until August 6, 2007.

     **SO ORDERED.**

Dated: Brooklyn, New York
       July 18, 2007

                               /s/ James Orenstein
                               JAMES ORENSTEIN
                               U.S. Magistrate Judge

---

[3]  In addition, if the defendant can establish the amount in controversy before the stay elapses, either by virtue of information provided by Paulsen or other means, I will of course entertain an application for reconsideration and, if persuaded that there exists federal diversity jurisdiction, vacate this order.